21-2116-cv
*State Univ. of N.Y. v. Triple O, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-two.

PRESENT:
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> *Circuit Judges*.

---

The State University of New York,

> *Plaintiff-Appellee*,

v.                                                              21-2116-cv

Triple O, LLC, James Scott, 217 Partridge Street Albany, NY 12203, Romario McDowell, Mandela Gadsden,

> *Defendants-Appellants*.

---

FOR PLAINTIFF-APPELLEE:           Nicholas Mesiti, Thomas L. Sica, Heslin Rothenberg Farley & Mesiti P.C., Albany, NY.

FOR DEFENDANTS-APPELLANTS:      FARVA JAFRI, Jafri Law Firm, Armonk, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendants-appellants Triple O, LLC, James Scott, Romario McDowell, and Mandela Gadsden appeal from an August 2, 2021 order of the United States District Court for the Northern District of New York (Sharpe, *J.*) denying a motion to vacate an entry of default and default judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

Plaintiff-appellee the State University of New York ("SUNY") is a university system that holds multiple federally registered and common law trademarks. On November 8, 2019, SUNY initiated the instant litigation against defendants-appellants—three individuals and the company they co-owned, Triple O, LLC, (collectively, "Triple O")—alleging that Triple O infringed twenty SUNY trademarks. SUNY brought claims for trademark infringement, false designation of origin, trademark dilution, palming off, unfair competition, deceptive trade practices, and use of a name with intent to deceive based on Triple O's use of SUNY's trademarked names, logos, and other marks in connection with the promotion, organization, and hosting of six rave-type parties.

Even though each of the defendants-appellants was properly served with the complaint, none entered an appearance or otherwise responded to this lawsuit within the requisite time period. Accordingly, the district court entered a default on December 16, 2019. On January 3, 2020, a

2

handwritten letter to the district court judge from defendant-appellant James Scott was docketed. The letter explained that "as a result of an address change I was served the documentation concerning the case late." Joint App'x at 125. Scott stated further that, having learned that SUNY had moved for default, "I intend on being represented by a lawyer and request that the court gives me more time so I can digest the information included in the document served and seek the appropriate legal representation so the issue may be resolved." *Id.* On January 6, 2020, the district court docketed a text order in response to the letter. The text order stated, in relevant part: "Because there are no deadlines for which Scott would require additional time to act at the present time, his request is DENIED with leave to renew should he face an impending deadline. In other words, there is presently no reason for an extension of time." Joint App'x at 3. No other defendant-appellant otherwise communicated with the district court.

On February 14, 2020, SUNY moved for a default judgment. None of the defendants-appellants responded. On March 11, 2020, the district court granted the motion, enjoining Triple O's use of the trademarks at issue, requiring Triple O to deliver and/or destroy any products or items infringing or diluting the trademarks, and ordering Triple O to pay SUNY reasonable attorneys' fees and costs. On April 17, 2020, SUNY moved for $34,258.42 in attorney's fees and $728.06 in costs. Defendants-appellants filed no opposition. On October 22, 2020, the district court granted the motion and awarded SUNY $30,482.00 in attorney's fees and $728.06 in costs.

A lawyer retained by Triple O entered an appearance on November 14, 2020. One week later, Triple O moved to vacate both the entry of default and the default judgment pursuant to Federal Rules of Civil Procedure 55 and 60. In the motion, Triple O explained that it "fully intended to appear through counsel" and had "hired a lawyer who they knew and had worked with

3

before" to handle the defense, but Triple O "only realized that the attorney they hired was not, in fact, handling their defense, when they received a notice of default judgment in the mail." Joint App'x at 591–92. In an affidavit attached to Triple O's brief in reply, Scott further explained that a lawyer, Rakesh Joshi, who had previously represented him in other matters, agreed to represent Triple O earlier in this case. According to Scott, after he provided Joshi with the complaint during a meeting in approximately December 2019, Joshi stated that he would represent Triple O, but he ultimately ceased communicating with Scott in August 2020. Joshi never entered an appearance on the docket.

On August 2, 2021, the district court denied Triple O's motion to vacate, reasoning that Triple O had failed to demonstrate that the default was not willful and finding that any purported attorney carelessness was not excusable neglect. *State Univ. of New York v. Triple O, LLC*, No. 1:19-CV-1385, 2021 WL 3287774, at *2 (N.D.N.Y. Aug. 2, 2021). Additionally, the district court held that Triple O had failed to submit credible evidence that it had a meritorious defense to the substance of SUNY's infringement claims. *Id.* at *3. The district court then denied Triple O's motion because it concluded that, even assuming that vacatur would not prejudice SUNY, both the willfulness of Triple O's conduct and the lack of a meritorious defense weighed against vacatur. *Id.* at *2.

## DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed R. Civ. P. 55(c). Pursuant to Rule 60(b), a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons that include "mistake, inadvertence, surprise,

4

or excusable neglect." Fed. R. Civ. P. 60(b)(1).

A party that challenges "the entry of a default judgment must satisfy the good cause shown standard in Rule 55(c)," which "requires a court to weigh (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 454–55 (2d Cir. 2013) (internal citations and quotation marks omitted). "Although the factors examined in deciding whether to set aside a default or a default judgment are the same, courts apply the factors more rigorously in the case of a default judgment because the concepts of finality and litigation repose are more deeply implicated in the latter action." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (internal citation omitted).[1] The movant bears the burden of demonstrating good cause for setting aside the default. *See Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986). Because "[a] motion to vacate a default judgment is addressed to the sound discretion of the district court," this Court "will not reverse the denial of such a motion except for abuse of discretion." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).

On appeal, Triple O argues, in relevant part: (1) that the default was not willful; and (2) that they had a meritorious defense to SUNY's allegations. For the reasons set forth below, we conclude that the district court did not abuse its discretion in denying Triple O's motion to vacate the entry of default and the default judgment.

---

[1] Though several cases cited in this summary order address the standard for voiding an entry of default under Rule 55(c) of the Federal Rules of Civil Procedure rather than the standard for vacating a default judgment under Rule 60(b), there is no practical difference between the two. *See Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 n.1 (2d Cir. 2015) (per curiam).

First, we discern no error in the district court's finding that Triple O failed to establish that the default was not willful. In the context of a default, we have defined "willfulness" to include "conduct that is more than merely negligent or careless," such as where the behavior "was egregious and was not satisfactorily explained." *Id.* Here, the district court found that, by ignoring the complaint for several months and defaulting (purportedly due to their attorney's carelessness), Triple O's conduct met this standard. Specifically, the district court did not credit Scott's assertion that in December 2019 he met with an attorney who agreed to represent him because it contradicted Scott's handwritten letter to the district court on January 2, 2020, stating that, as of that date, he "intend[ed] on being represented by a lawyer" and still needed additional time to "seek the appropriate legal representation." *Triple O*, 2021 WL 3287774, at *2 (quoting Joint App'x at 125) (alteration in *Triple O*). Thus, the district court determined that the letter, "filed about eight weeks after SUNY filed the complaint and about two weeks after the Clerk entered default against defendants, belies defendants' assertion that they had hired counsel after being served with the complaint, and followed up with the alleged attorney throughout." *Id.* Indeed, the attorney Scott identified in his affidavit at no point appeared in this case. In short, the district court acted within its discretion in assessing the evidence in the record on the willfulness issue and then rejecting Triple O's allegations as to the purported failures of their attorney to properly respond to the district court's orders and otherwise defend them in the litigation.[2]

---

[2] Triple O questions the district court's reliance on this letter by asserting that "[i]f the Court had questions about the 15-line, handwritten letter from Scott, it could have simply set a hearing and made inquiries about the letter to all parties, including the lawyer who represented to Appellants that he would 'handle' everything." Appellants' Br. at 8 n.1. However, the district court did not abuse its discretion in failing

Second, we are similarly unpersuaded by Triple O's contention that the district court erred in concluding that they failed to demonstrate a meritorious defense. As we have explained, "[i]n order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *McNulty*, 137 F.3d at 740 (internal citations and quotation marks omitted). Although SUNY's complaint challenges Triple O's alleged infringement of twenty separate trademarks, Triple O offers a defense regarding only a single trademark—namely, the acronym "UA." According to Triple O, SUNY does not own an enforceable trademark in "UA" because several other universities use that same acronym. Without any factual support, Triple O merely speculates that "[t]he University of Alabama, the University of Arizona, the University of Akron, the University of Alaska, or the University of Arkansas, may all very well take issue with the University at Albany's contention that it owns a common law trademark in the 'UA' acrony[]m."[3] Appellants' Br. at 12. Such speculation fails to demonstrate a meritorious defense with respect to their alleged infringement on that trademark. *See Enron*, 10 F.3d at 98 ("A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense."); *see also Sony Corp.*, 800 F.2d at 320–21 ("Although in an answer general denials normally are enough to raise

_____

to conduct an evidentiary hearing prior to discrediting Scott's affidavit where the affidavit was clearly contradicted by his prior statement to the court and Triple O never requested a hearing. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (holding that "no court can be said to have erred in failing to grant a request that was not made").

[3] In response, SUNY notes that "Triple O used more than the mark UA in its illegal advertising activities to create a false association between its rave parties and SUNY so that even if UA were not a trademark, Triple O would have still infringed all of the other asserted SUNY trademarks in the same series of infringing transactions and occurrences." Appellee's Br. at 28–29.

7

a meritorious defense, the moving party on a motion to reopen a default must support its general denials with some underlying facts.").

Moreover, Triple O did not even attempt to raise a meritorious defense with respect to the other nineteen trademarks at issue in the complaint or the causes of action SUNY brought beyond trademark infringement. Therefore, the district court correctly rejected Triple O's conclusory arguments in support of their purported meritorious defense.[4]

In sum, the district court did not abuse its discretion in concluding that, even assuming the absence of prejudice to SUNY if the default judgment were set aside, the willful default and absence of a meritorious defense supported the denial of the motion to vacate. *See Com. Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 244 (2d Cir. 1994) ("While the record does not strongly support a finding of prejudice, we need not scrutinize this factor further because [the defendants'] willful default and the absence of meritorious defenses were sufficient to support the district court's disposition of the case.").

\*           \*           \*

---

[4] For the first time on appeal, Triple O raises another purportedly meritorious defense. Citing cases from the District of Massachusetts and the First Circuit, Triple O suggests that there is a geographic proximity requirement for SUNY's claims which SUNY failed to plausibly allege in its complaint. *See, e.g.*, Appellants' Br. at 11 ("It is inconceivable that any reasonable person would believe that events taking place in New York City and being advertised with provocative photos of women and flashy colors would be mistaken for a 'university-endorsed' event."). In light of the "well-established general rule that an appellate court will not consider an issue raised for the first time on appeal," *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994), we decline to address this argument.

We have considered all of Triple O's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court